# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 3:22-CR-0390-S |
| | § | |
| CRAIG FENTON (4) | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Craig Fenton's Motion for Bill of Particulars ("Motion") [ECF No. 125]. The Court has reviewed the Motion, the Government's Response to the Motion ("Response") [ECF No. 131], and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

Defendant was charged with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1349, 1343 (Count Nineteen), Aiding and Assisting in the Preparation and Presentation of False and Fraudulent Income Tax Returns in violation of 26 U.S.C. § 7206(2) (Counts Forty-Two through Forty-Six), and Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371 (Count Forty-Seven). *See* Superseding Indictment [ECF No. 16]. Defendant filed the Motion, requesting that the Court direct the Government to provide a bill of particulars containing the following information: (1) with respect to Count Nineteen, the names of any and all unindicted co-conspirators; (2) with respect to Count Forty-Seven, the names of any and all unindicted co-conspirators; and (3) whether the individuals identified in the Superseding Indictment by the initials "S.H.," "T.P.," "A.J.," "R.F.," "D.H.," and "M.C." are considered unindicted co-conspirators. Mot. 8.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 7(f) permits a defendant to "move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." The district court has discretion over whether to grant the request. *United States v. Shults*, No. 3:14-CR-00298-M, 2018 WL 5023779, at *1 (N.D. Tex. Sep. 18, 2018); *United States v. Williams*, 679 F.2d 504, 510 (5th Cir. 1982) (stating that a district court "is vested with broad discretion in making its determinations regarding the necessity of Bills of Particulars" (citation omitted)). "The purpose of a bill of particulars is to inform an accused of the charge with sufficient precision to reduce trial surprise, to enable adequate defense preparation, and critically, by the fleshing out of the charges to illuminate the dimensions of jeopardy." *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978) (citation omitted). A bill of particulars cannot, however, be used "to discover all overt acts th[at] might be proved at trial," or "to secure for the defense the Government's explanation of its theory of the case." *Shults*, 2018 WL 5023779, at *1 (citations omitted). In determining whether to order the Government to provide a defendant with a bill of particulars, the Court "must balance the needs of the defendant against the [G]overnment's right not to disclose its witnesses, evidence[,] or legal theories." *United States v. Campbell*, 710 F. Supp. 641, 642 (N.D. Tex. 1989) (quoting *United States v. Miller*, 210 F. Supp. 716, 717 (S.D. Tex. 1962)).

## III. ANALYSIS

Turning first to the needs of Defendant, the Court finds that a bill of particulars regarding unindicted co-conspirators is necessary "to reduce trial surprise" and "to enable adequate defense preparation." *Davis*, 582 F.2d at 951 (citation omitted). According to the Superseding Indictment, Defendant was a tax manager who assisted in the preparation of false tax returns, conspired with "others known and unknown" to commit wire fraud, and conspired with "others known and unknown" to defraud the Internal Revenue Service. Superseding Indictment ¶¶ 9, 20, 28, 30. The

2

Government's case against Defendant seems to involve the active participation of clients as unindicted co-conspirators. *See id.* ¶ 15; Mot. 2. According to the Superseding Indictment, the clients chose the amount of money to shelter, and Defendant allegedly assisted clients with, among other things, creating shell companies, opening bank accounts, and obtaining canned valuation reports. *See* Superseding Indictment ¶ 15.

Defendant's request is a proper use of a bill of particulars. *See United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979) ("A bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the [G]overnment plans to use as witnesses."). Without the identities of the unindicted co-conspirators, Defendant asserts that he "is presently unable to even speculate about what testimony unidentified co-conspirators might offer, let alone investigate potential impeachment evidence." Mot. 5. The Court agrees and thus finds that the identities of the unindicted co-conspirators are essential to Defendant's ability to prepare his defense and avoid surprise at trial. Defendant's need for the requested information is exacerbated at this time because Defendant's current counsel was appointed within three months of trial as a result of his prior lawyer's abrupt, unopposed, and recent withdrawal, due to a conflict of interest. *See* ECF Nos. 111, 112. The Court further finds that the Government has not "provided the necessary information in another satisfactory form" because of issues identified by Defendant with the Government's discovery. *United States v. Faulkner*, No. 3:09-CR-249-D(02), 2011 WL 2880919, at *2 (N.D. Tex. July 15, 2011) (citation omitted); *see* Def.'s Mot. for Identification and Disclosure of *Brady* Materials [ECF No. 123].

The Government argues that "prejudice does not exist here, where [D]efendants are set to receive the [G]overnment's witness list and exhibits shortly and nearly one month before trial." Resp. 1. This argument is unavailing. As stated above, the purpose of the bill of particulars is to

"to reduce trial surprise" and "to enable adequate defense preparation." *Davis*, 582 F.2d at 951 (citation omitted). The Government's witness list may not include all unindicted co-conspirators; therefore, production of this list is not guaranteed to mitigate surprise or allow Defendant to adequately prepare. *See Barrentine*, 591 F.2d at 1077 ("It is not uncommon for the trial judge to require the [G]overnment to disclose [the names of unindicted co-conspirators] when information is necessary in a defendant's preparation for trial." (citation omitted)).

Against the needs of Defendant outlined above, the Court must weigh the Government's right not to disclose its witnesses, evidence, or legal theories. As the Government maintains that Defendant might receive at least some of the requested information through the Government's witness list, *see* Resp. 1, it appears to the Court that Defendant is not seeking "to use Rule 7(f) to obtain generalized discovery and the Government's theory of the case." *Shults*, 2018 WL 5023779, at *2. Under the facts and circumstances of this case, the Government has not persuaded the Court of a high interest in withholding the requested information. Accordingly, the Court finds that the needs of Defendant outweigh the Government's interests in this case, and Defendant is entitled to the bill of particulars he seeks.

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant Craig Fenton's Motion for Bill of Particulars [ECF No. 125], and the Government is **ORDERED** to provide a bill of particulars containing the following information: (1) with respect to Count Nineteen, the names of any and all unindicted co-conspirators; (2) with respect to Count Forty-Seven, the names of any and all unindicted co-conspirators; and (3) whether the individuals identified in the Superseding

4

Indictment by the initials "S.H.," "T.P.," "A.J.," "R.F.," "D.H.," and "M.C." are considered unindicted co-conspirators, on or before **May 5, 2026**.

    **SO ORDERED.**

    SIGNED May 1, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

5